Matthew J. Langley
California Bar No. 342846
**ALMEIDA LAW GROUP LLC**
849 W. Webster Avenue
Chicago, Illinois 60614
t: 312-576-3024
matt@almeidalawgroup.com

Andrew Ready Tate (*pro hac vice*)
**PEIFFER WOLF CARR KANE CONWAY & WISE LLP**
235 Peachtree St. NE, Suite 400
Atlanta, GA 30303
Tel: (314) 669-3600
atate@peifferwolf.com

*Attorneys for Plaintiffs & the Proposed Class*

Amy P. Lally (SBN 198555)
**SIDLEY AUSTIN LLP**
1999 Avenue of the Stars,
17th Floor
Los Angeles, CA 90067
Telephone: (310) 595-9500
Facsimile: (310) 595-9501
alally@sidley.com

Ian M. Ross (*pro hac vice*)
**SIDLEY AUSTIN LLP**
1001 Brickell Bay Drive,
Suite 900
Miami, FL 33131
Telephone: (305) 391-5100
Facsimile: (305) 391-5101
iross@sidley.com

*Attorneys for Defendant Walgreen Co.*

*[Additional counsel listed on signature page]*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **R.C., and T.S.,** *individually and on behalf of all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>**WALGREEN CO. d/b/a WALGREENS**, an Illinois Corporation**,**<br><br>Defendant. | CASE NO. 5:23-cv-01933-SRM<br><br>Assigned to:<br>Hon. Serena R. Murillo<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Plaintiffs R.C. and T.S. ("Plaintiffs") and Defendant Walgreen Co. d/b/a Walgreens ("Walgreens"), have conferred and jointly submit the following status report in accordance with the Court's March 3, 2025, Reassignment Order, (Dkt. No. 74).

### a. Date Filed

Plaintiffs filed their Complaint on September 21, 2023. (ECF No. 1)

### b. Parties

*Plaintiffs:*

- R.C.
- T.S.

*Defendant:*

Walgreen Co. d/b/a Walgreens

### c. Claims

The surviving claims following the Court's May 9, 2024, Order granting in part Walgreens' Motion to Dismiss the Second Amended Complaint are: (1) common law invasion of privacy (intrusion upon seclusion); (2) unjust enrichment; (3) violations of the Electronic Communications Privacy Act ("ECPA"); and (4) violations of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631(a).

### d. Case Description

*Plaintiffs' Statement:* On September 21, 2023, Plaintiffs filed a class action complaint against Walgreens as the owner and operator of www.walgreens.com (the "Website" or "Digital Platforms") asserting privacy claims arising from Walgreens' alleged installation and configuration of tracking pixels ("Pixels") on its Website that Walgreens uses to surreptitiously intercept and disclose personally identifiable sensitive health information ("Private Information") to third parties, including advertising companies Google, Facebook, Bing, and Pinterest. (ECF No. 1). Plaintiffs allege that to purchase sensitive healthcare products, they (and other class members)

were required to search for and to add the healthcare products to their virtual cart before proceeding to checkout to purchase their selected items. By doing so, Plaintiffs allege they and class members convey Private Information to Walgreens that Walgreens in turn intercepted and disclosed to the advertising giants identified above.

Plaintiffs allege that despite the extreme sensitivity of this data, Walgreens intentionally configured the Pixels installed on its Website to capture both the "characteristics" of individual customers' specific communications with the Website (*e.g.*, their internet protocol ("IP") addresses, Facebook ID, cookie identifiers, device identifiers, and account numbers) and the "content" of these communications, *i.e.*, the buttons, links, pages, and tabs they click and view, as well as search terms entered into free text boxes and descriptive URLs showing the information being exchanged including every time a customer adds a particular product or products into their virtual shopping cart.

Plaintiffs allege that they used Walgreens' Website to purchase sensitive healthcare products, including a test kit for diabetes, or place sensitive healthcare products into their virtual shopping cart, including Monistat to treat a vaginal yeast infection. By interacting with the Website, Plaintiffs allege their Private Information was disclosed to Meta and others through Walgreens' placement of the Pixels on the webpages they visited including, but not limited to, the webpages for the search engine and the specific products that they placed in their virtual shopping cart on the Website (as well as the virtual shopping cart page). Plaintiffs allege they had active Facebook accounts at the time of their interaction with the Website, and shortly after visiting the Website they started to receive unsolicited advertisements on Facebook relating to the sensitive healthcare products they sought to purchase.

Plaintiffs allege they would not have used the Website to purchase sensitive healthcare products had they known that their Private Information would be collected and disclosed to unauthorized third parties. Plaintiffs further allege they reasonably

3
JOINT CASE MANAGEMENT STATEMENT

and understandably believed that because they were using the website of a healthcare provider and pharmacy, their Private Information would be protected and kept confidential.

*Walgreens' Statement:* Walgreens denies and disputes each of Plaintiffs' allegations and denies any wrongdoing with respect to its data collection practices. Moreover, Walgreens is not liable under: (1) the common law invasion of privacy; (2) unjust enrichment; (3) ECPA; or (4) CIPA. Similar to many other cases filed in the past few years, Plaintiffs purport to state putative class claims based on the alleged presence of commonly used (and, in cases like this one, fully disclosed) website tools on company websites, specifically Walgreens' website ("Website"). Plaintiffs allege that such website tools (referred to as "Pixels" by Plaintiffs) can take data disclosed on these websites—in this case, a public consumer-facing shopping website—and share that data with the third parties who design such tools (allegedly, Meta and Pinterest) for advertising purposes in violation of privacy laws and statutes. Plaintiffs' claims are riddled with conclusory allegations that are merely theoretical. In fact, Walgreens has no record of any online purchase by either Plaintiff and Plaintiffs have neither responded to Walgreens' formal discovery request nor its informal request for any proof of purchase.

In compliance with California law, Walgreens posts a conspicuous hyperlink to its Online Privacy and Security Policy ("Privacy Policy") on its homepage (and, indeed, on every webpage within its Website), providing notice to its Website visitors about its information policies and practices. The Privacy Policy discloses to Website visitors, including purchasers, how Walgreens collects, uses, shares, and protects customer information and data. Such visitors are also told, in compliance with California law, that this information could include "sensitive personal information" "such as information concerning your health, which may include certain health-related retail product purchases." Further, when making a purchase or signing up for

1  Walgreens' loyalty program, myWalgreens, each customer must agree to Walgreens'
2  Terms of Use and the incorporated Privacy Policy. Plaintiffs purport to represent
3  purchasers of Website products and, therefore, because the checkout flow requires
4  assent to the Privacy Policy, every putative class member consented to any purported
5  disclosure by Walgreens as alleged.

6  Also, the Terms of Use at all relevant times contained an Agreement to
7  Arbitrate requiring all claims against Walgreens to be arbitrated. Here, Plaintiffs
8  purport to represent purchasers of Website products, and because the checkout flow
9  and flow for signing up for Walgreens' loyalty program require assent to the Terms
10 of Use on the Website, the vast majority of the putative class has agreed to individual
11 arbitration of their disputes and waived their right to participate in a class action.
12 While neither Plaintiff R.C. nor Plaintiff T.S. appeared to have made any online
13 purchases, all of the putative class members, however, are required to arbitrate any
14 disputes they may have relating to the Website.

15 While Plaintiffs allege their personal health data or HIPAA-protected health
16 information was disclosed, they in fact simply browsed Walgreens' public website
17 (not signed into a secure patient or customer portal) to shop for over-the-counter
18 products at some undisclosed time in the last few years. Walgreens, however,
19 disagrees that such information is protected health information and further contests
20 that customers are always making these over-the-counter purchases for themselves,
21 but instead for other individuals. It is far from clear that this information can be
22 accurately matched to a specific individual. Thus, because of the highly-
23 individualized issues relating to whether a disclosure occurred on a specific Website
24 visitor's browser or device related to a purchase for their personal use or someone
25 else's, this case is wholly unsuitable for class certification.

26 Walgreens denies that any of Plaintiffs' claims apply or that Plaintiffs have
27 been harmed or are entitled to any relief whatsoever.

e. **Relief Sought**

*Plaintiffs:* Plaintiffs and Class Members seek all available damages (including but not limited to compensatory damages, economic and non-economic harm, statutory damages, and punitive damages), attorneys' fees, costs, and expenses, and any further relief the Court deems just and proper.

Under the ECPA, Plaintiffs assert that each Class Member is entitled to the greater of $100 a day for each day of violation or $10,000. 18 U.S.C. § 2520. With respect to the California Subclass, CIPA authorizes damages of the greater of: (1) "five thousand dollars ($5,000) per violation" and (2) "three times the amount of actual damages, if any, sustained by the Plaintiffs" for "[a]ny person who has been injured by a violation" of the statute. Cal. Penal Code § 637.2.

*Walgreens:* Walgreens contests that Plaintiffs are entitled to any damages or relief whatsoever. Plaintiffs also have not provided a realistic range of provable damages.

f. **Status of Discovery**

Both Parties have issued Requests for Production ("Requests") and Interrogatories. On August 7, 2024, Plaintiff served Requests and Interrogatories on Walgreens. On September 27, 2024, Walgreens provided its objections and responses to Plaintiffs' Requests and Interrogatories. On October 3, 2024, Walgreens' served its Requests and Interrogatories on Plaintiffs but the Parties agreed to pause discovery efforts and suspend the related deadlines while the Parties prepared for and attended mediation on November 7, 2024. Plaintiffs have communicated to Walgreens that they expect to serve responses and objections to Walgreens' Requests and Interrogatories by March 21, 2025, after which the Parties anticipate meeting and conferring over their respective discovery responses and next steps. The Parties aim to continue to work together in good faith to resolve all discovery disputes to the fullest extent possible before seeking Court intervention.

### g. Procedural History

On September 21, 2023, Plaintiff R.C. commenced this action by filing a Class Action Complaint asserting 14 causes of action, (Dkt. No. 1). On October 27, 2023, Plaintiff amended her Complaint to add Plaintiff T.S., (Dkt. No. 19). On December 8, 2023, Plaintiffs filed their Second Amended Complaint ("SAC"), asserting nine individual and representative causes of action, (Dkt. No. 39). On January 19, 2024, Walgreens filed a motion to dismiss the SAC, (Dkt. No. 44), and on May 9, 2024, the Court granted in part and denied in part that motion, (Dkt. No. 59). In so doing, the Court dismissed with prejudice five of Plaintiffs' causes of action, specifically their claims for negligence, and violations of the Unfair Competition Law, California Legal Remedies Act, and Virginia Consumer Protection Act, (Dkt. No. 59). Plaintiffs' surviving claims are for: (1) invasion of privacy; (2) unjust enrichment; (3) ECPA; and (4) CIPA, (*Id.*). On May 23, 2024, Walgreens filed an Answer to Plaintiffs' surviving claims, (Dkt. No. 61).

On November 7, 2024, the Parties engaged in an all-day, in-person mediation with mediator Robert Meyer of JAMS. Though the Parties did not settle, they made substantial progress towards resolution and continue to discuss the possibility of settlement.

### h. Deadlines

Pursuant to the Scheduling Order issued by Judge Jesus G. Bernal on September 29, 2024, (Dkt. No. 68), the following deadlines were issued prior to reassignment:

- Last Day to Stipulate or File a Motion to Amend Pleadings or Add New Parties: **1/27/2025**
- Deadline for Initial Designation of Expert Witnesses: **1/26/2026**
- Deadline for Designation of Rebuttal Expert Witnesses: **2/09/2026**

- All Discovery Cut−Off (including hearing of discovery motions): **2/23/2026**
- Dispositive Motion Hearing Cut−Off: **4/27/2026 at 9:00 AM**
- Last day to Conduct Settlement Conference: **3/16/2026**
- Final Pretrial Conference: **6/8/2026 at 11:00 AM**
- Jury Trial: **6/23/2026 at 09:00 AM** (Trial estimated to last 7 days)

### i. Requests to Modify Schedule

The Parties do not currently have any requests to modify the deadlines in place but reserve the right to request extensions of time as the case moves forward.

### j. Magistrate Judge

The Parties do not consent to trial before a magistrate judge.

### k. Case Management Conference

The Parties do not believe an immediate need exists for a case management conference to be scheduled at this time.

### l. Immediate Relief Sought Regarding the Case Schedule

The Parties do not seek any immediate relief regarding the case schedule at this time.

Dated: March 18, 2025                          Respectfully submitted,

*/s/ Andrew Ready Tate*
Andrew Ready Tate (*pro hac vice*)
**PEIFFER WOLF CARR KANE CONWAY & WISE LLP**
235 Peachtree St. NE, Suite 400
Atlanta, GA 30303
Tel: (314) 669-3600
atate@peifferwolf.com

Brandon M. Wise (*pro hac vice*)
**PEIFFER WOLF CARR KANE**

8
JOINT CASE MANAGEMENT STATEMENT

**CONWAY & WISE LLP**
One US Bank Plaza, Suite 1950
St. Louis, MO 63101
Tel: (314) 833-4825
bwise@peifferwolf.com

Matthew J. Langley
(California Bar No. 342846)
David S. Almeida (*pro hac vice*)
**ALMEIDA LAW GROUP LLC**
849 W Webster Avenue
Chicago, IL 60614
Tel: (312) 576-3024
david@almeidalawgroup.com
matt@almeidalawgroup.com

Melisa A. Rosadini-Knott
California Bar No. 316369
**PEIFFER WOLF CARR KANE CONWAY & WISE LLP**
3435 Wilshire Blvd. Ste 1400
Los Angeles, CA 90010-1923
Tel: (323)982-4109
rosqadini@peifferwolf.com

*Attorneys for Plaintiffs & the Putative Classes*

* Pro Hac Vice granted

*/s/ Amy P. Lally*
Amy P. Lally (SBN 198555)
**SIDLEY AUSTIN LLP**
1999 Avenue of the Stars,
17th Floor
Los Angeles, CA 90067
Telephone: (310) 595-9500
Facsimile: (310) 595-9501
alally@sidley.com

9
JOINT CASE MANAGEMENT STATEMENT

Ian M. Ross (*pro hac vice*)
**SIDLEY AUSTIN LLP**
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
Telephone: (305) 391-5100
Facsimile: (305) 391-5101
iross@sidley.com

*Attorneys for Defendant Walgreens*

## **Signature Certification**

I hereby certify that the content of this document is acceptable to Amy P. Lally, counsel for Defendant Walgreen Co., and that I have obtained her authorization to affix her electronic signature to this document.

Dated:   March 18, 2025              */s/ Andrew R. Tate*
                                      Andrew R. Tate